Edward R. Hugo [Bar No. 124839]
James C. Parker [Bar No. 106149]
Thomas J. Moses [Bar No. 116002]
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Defendant
FOSTER WHEELER LLC

**Original**



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | |
| NO VI | MDL 875 |
| | **E-filing** |
| This Document Relates To: | |

UNITED STATES DISTRICT COURT

**MEJ**

NORTHERN DISTRICT OF CALIFORNIA

CV 08 4070

| | |
|---|---|
| CARSON PRIDDY AND PATRICIA PRIDDY, | (ASBESTOS) |
| | U.S.D.C. Case No. _____ |
| Plaintiffs, | |
| | Alameda County Superior Court Case No. RG08399767 |
| vs. | |
| A.W. CHESTERTON COMPANY; ALLIED PACKING & SUPPLY, INC.; ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; AMERICAN STANDARD, INC. INDIVIDUALLY AND AS SUCCESSOR INTEREST TO KEWANEE BOILER CORPORATION; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; BUFFALO PUMPS, INC.; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE | DEFENDANT FOSTER WHEELER LLC'S NOTICE OF TAG-ALONG ACTION |

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF TAG-ALONG ACTION

1  CO.; CROWN, CORK & SEAL,
   INDIVIDUALLY AND AS SUCCESSOR-
2  IN-INTEREST TO MUNDET CORK;
   DURABLA MANUFACTURING
3  COMPANY; ELLIOTT COMPANY
   FORMERLY KNOWN AS ELLIOTT
4  COMPANY FORMERLY KNOWN AS
   ELLIOTT TURBOMACHINERY CO.,
5  INC.; FMC CORPORATION,
   INDIVIDUALLY AND AS SUCCESSOR-
6  IN-INTEREST TO NORTHERN PUMP
   COMPANY; FOSTER WHEELER LLC;
7  GARDNER DENVER, INC.; GARLOCK
   SEALING TECHNOLOGIES LLC,
8  INDIVIDUALLY AND AS SUCCESSOR-
   IN-INTEREST TO GARLOCK, INC.;
9  GENERAL ELECTRIC COMPANY;
   GEORGIA-PACIFIC CORPORATION;
10 GOULDS PUMPS, INCORPORATED;
   IMO INDUSTRIES, INC. FORMERLY
11 KNOWN AS IMO DELAVAL INC.;
   INGERSOLL-RAND COMPANY;
12 KAISER GYPSUM COMPANY, INC.;
   LESLIE CONTROLS, INC.; LAMONS
13 GASKET COMPANY; OAKFABCO, INC
   INDIVIDUALLY AND AS SUCCESSOR-
14 IN-INTEREST TO AND/OR FKA
   AND/OR FDBA KEWANEE BOILER
15 CORPORATION; OWENS-ILLINOIS
   INC.; PARKER-HANNIFIN
16 CORPORATION,INDIVIDUALLY AND
   AS SUCCESSOR-IN-INTEREST TO
17 SACOMO SIERRA AND SACOMO
   MANUFACTURING COMPANY; PCC
18 FLOW TECHNOLOGIES L.P.,
   INDIVIDUALLY AND AS SUCCESSOR-
19 IN-INTEREST TO PACIFIC PUMP;
   PLANT INSULATION COMPANY;
20 RAPID AMERICAN CORP.
   INDIVIDUALLY AND AS SUCCESSOR
21 IN INTEREST TO PHILIP CAREY
   MANUFACTURING CORP.; RILEY
22 POWER INC., FORMERLY KNOWN AS
   RILEY STOKER CORPORATION AND
23 DB RILEY, INC.; SEPCO
   CORPORATION; SOCO-WEST, INC.
24 FKA BRENNTAG WEST, INC. FKA
   SOCO-LYNCH CORPORATION,
25 INDIVIDUALLY AND AS SUCCESSOR-
   IN-INTEREST TO WESTERN
26 CHEMICAL & MANUFACTURING
   COMPANY; SUPERIOR BOILER
27 WORKS, INC.; THE GOODYEAR TIRE &
   RUBBER COMPANY; UNION CARBIDE
28 CORPORATION; UNIROYAL, INC.;

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

1  VIACOM, INC. AS SUCCESSOR-BY-
   MERGER TO CBS CORPORATION FKA
2  WESTINGHOUSE ELECTRIC
   CORPORATION; WARREN PUMPS,
3  LLC; YARWAY CORPORATION; ZURN
   INDUSTRIES, LLC. INDIVIDUALLY
4  AND AS SUCCESSOR-IN-INTEREST TO
   ZURN INDUSTRIES, INC., ERIE CITY
5  IRON WORKS AND KEYSTONE
   BOILER AND THE FIRST DOE
6  THROUGH THREE HUNDREDTH
   DOES, INCLUSIVE,

7              Defendants.

8

9  **TO THE CLERK OF THE COURT, PLEASE TAKE NOTICE OF THE FOLLOWING:**

10      1.      On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an

11  order transferring all asbestos cases pending in federal court to the United States District

12  Court, Eastern District of Pennsylvania, for coordination pretrial proceedings pursuant to

13  28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions,"

14  or actions involving common questions of fact filed after the January 17, 1991, filing of

15  the Panel's Order to Show Cause. MDL Rule 13(e) provides:

16              Any party of counsel in actions previously transferred under

17              section 1407 or under consideration by the Panel for transfer under

18              section 1407 shall promptly notify the Clerk of the Panel of any

19              potential "tag-along actions" in which that party is aslo named or

20              in which that counsel appears.

21      2.      The undersigned hereby notifies the court that this state court action being

22  removed (a copy of the removed state court complaint is attached hereto as Exhibit "A")

23  is a potential "tag-along action" which is subject to transfer to the Eastern District of

24  Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer order

25  pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not

26  be transferred, pursuant to MSL Rule 13(b).

27      Defendant FOSTER WHEELER LLC is providing written notice of this Notice of

28  Tag-Along Action to all adverse parties. Defendant FOSTER WHEELER LLC reserves

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF TAG-ALONG ACTION

1 | the right to amend or supplement this Notice of Tag-Along Action.

2

3 | Date:  August 26, 2008

BRYDON HUGO & PARKER

By: _____
Edward R. Hugo
James C. Parker
Thomas J. Moses
Attorneys for Defendant
FOSTER WHEELER LLC

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF TAG-ALONG ACTION

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A. W. CHESTERTON COMPANY;
[SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS]

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ENDORSED
FILED
ALAMEDA COUNTY

2008 JUL 23  PM 2:23

CLERK OF THE SUPERIOR COURT
BY DOROTHY L. LEE, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARSON PRIDDY AND PATRICIA PRIDDY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>1225 FALLON STREET<br><br>OAKLAND, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>08 - 399767 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
JEFFREY A. KAISER    (SBN 160594)        (415)646-7160    415-981-1270
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36H FLOOR
SAN FRANCISCO, CA 94104

DATE:  JUL 2 3 2008        Clerk, by  DOROTHY L. LEE          , Deputy
*(Fecha)*          PAT S. SWEETEN    *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):*  **FOSTER WHEELER, LLC**<br><br>under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1 | Attachment to Summons

2

3 CARSON PRIDDY AND PATRICIA PRIDDY,                )    No.
)
4                          PLAINTIFFS,               )
)
5                          VS.                       )
)
6 A. W. CHESTERTON COMPANY;                          )
ALLIED PACKING & SUPPLY, INC.;                     )
7 ALLIS CHALMERS CORPORATION PRODUCT                 )
LIABILITY TRUST;                                   )
8 AMERICAN STANDARD, INC. INDIVIDUALLY AND           )
9 AS SUCCESSOR INTEREST TO KEWANEE BOILER            )
CORPORATION;                                       )
10 ARMSTRONG INTERNATIONAL, INC.;                    )
ASBESTOS CORPORATION, LTD.;                        )
11 BUFFALO PUMPS, INC.;                              )
12 CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-          )
IN-INTEREST TO CHAPMAN VALVE CO.;                  )
13 CROWN, CORK & SEAL, INDIVIDUALLY AND AS           )
SUCCESSOR-IN-INTEREST TO MUNDET CORK;              )
14 DURABLA MANUFACTURING COMPANY;                    )
15 ELLIOTT COMPANY FORMERLY KNOWN AS                 )
ELLIOTT TURBOMACHINERY CO., INC.;                  )
16 FMC CORPORATION, INDIVIDUALLY AND AS              )
SUCCESSOR-IN-INTEREST TO NORTHERN PUMP             )
17 COMPANY;                                          )
FOSTER WHEELER, LLC;                               )
18 GARDNER DENVER, INC.;                             )
19 GARLOCK SEALING TECHNOLOGIES LLC,                 )
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST          )
20 TO GARLOCK, INC.;                                 )
GENERAL ELECTRIC COMPANY;                          )
21 GEORGIA-PACIFIC CORPORATION;                      )
GOULDS PUMPS, INCORPORATED;                        )
22 IMO INDUSTRIES, INC. FORMERLY KNOWN AS            )
23 IMO DELAVAL INC.;                                 )
INGERSOLL-RAND COMPANY;                            )
24 KAISER GYPSUM COMPANY, INC.;                      )
LESLIE CONTROLS, INC.;                             )
25 LAMONS GASKET COMPANY;                            )
26 OAKFABCO, INC INDIVIDUALLY AND AS                 )
SUCCESSOR-IN-INTEREST TO AND/OR FKA                )
27 AND/OR FDBA KEWANEE BOILER CORPORATION;           )
OWENS-ILLINOIS INC.;                               )
28 PARKER-HANNIFIN CORPORATION,                      )

1  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST   )
   TO SACOMO SIERRA AND SACOMO                 )
2  MANUFACTURING COMPANY;                       )
   PCC FLOW TECHNOLOGIES L.P., INDIVIDUALLY     )
3  AND AS SUCCESSOR-IN-INTEREST TO PACIFIC      )
   PUMP;                                        )
4  PLANT INSULATION COMPANY;                    )
   RAPID AMERICAN CORP. INDIVIDUALLY AND AS     )
5  SUCCESSOR IN INTEREST TO PHILIP CAREY        )
6  MANUFACTURING CORP.;                         )
   RILEY POWER INC., FORMERLY KNOWN AS RILEY    )
7  STOKER CORPORATION AND DB RILEY, INC.;       )
   SEPCO CORPORATION;                           )
8  SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA  )
   SOCO-LYNCH CORPORATION, INDIVIDUALLY AND     )
9  AS SUCCESSOR-IN-INTEREST TO WESTERN          )
10 CHEMICAL & MANUFACTURING COMPANY;            )
   SUPERIOR BOILER WORKS, INC.;                 )
11 THE GOODYEAR TIRE & RUBBER COMPANY;          )
   UNION CARBIDE CORPORATION;                   )
12 UNIROYAL, INC.;                              )
13 VIACOM, INC. AS SUCCESSOR-BY-MERGER TO CBS   )
   CORPORATION FKA WESTINGHOUSE ELECTRIC        )
14 CORPORATION;                                 )
   WARREN PUMPS, LLC;                           )
15 YARWAY CORPORATION;                          )
16 ZURN INDUSTRIES, LLC. INDIVIDUALLY AND AS    )
   SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES,    )
17 INC., ERIE CITY IRON WORKS AND KEYSTONE      )
18 BOILER AND THE FIRST DOE THROUGH THREE       )
   HUNDREDTH DOE, INCLUSIVE,                    )
19                                              )
                 DEFENDANTS.                    )
20 _____)

21

22

23

24

25

26

27

28

1  JEFFREY A. KAISER, ESQ. [SBN 160594]
   T. SCOTT HAMES, ESQ. [SBN 197574]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 MONTGOMERY STREET, 36TH FLOOR
3  SAN FRANCISCO, CALIFORNIA 94104
   TELEPHONE (415) 646-7160
4  FACSIMILE  (415) 981-1270

5  ATTORNEYS FOR PLAINTIFFS

6  CARSON PRIDDY AND PATRICIA PRIDDY

ENDORSED
FILED
ALAMEDA COUNTY

2008 JUL 23  PM 2: 23

CLERK OF THE SUPERIOR COURT
BY DOROTHY L. LEE, DEPUTY

# 8/8/08
#10011902

7

8          SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF ALAMEDA
9              (UNLIMITED JURISDICTION)

10

11  **CARSON PRIDDY AND PATRICIA PRIDDY,**          )  RG 08 - 3 9 9 7 6 7
                                                      )
12                   **PLAINTIFFS,**                  )
                                                      )  **COMPLAINT FOR**
13                        VS.                         )  **DAMAGES**
                                                      )
14  **A. W. CHESTERTON COMPANY;**                    )  NEGLIGENCE,
    **ALLIED PACKING & SUPPLY, INC.;**               )  STRICT LIABILITY,
15  **ALLIS CHALMERS CORPORATION PRODUCT**           )  PUNITIVE DAMAGES,
    **LIABILITY TRUST;**                             )  LOSS OF CONSORTIUM,
16  **AMERICAN STANDARD, INC. INDIVIDUALLY AND**     )
17  **AS SUCCESSOR INTEREST TO KEWANEE BOILER**      )  (ASBESTOS)
    **CORPORATION;**                                 )
18  **ARMSTRONG INTERNATIONAL, INC.;**               )
    **ASBESTOS CORPORATION, LTD.;**                  )
19  **BUFFALO PUMPS, INC.;**                         )
    **CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-**    )
20  **IN-INTEREST TO CHAPMAN VALVE CO.;**            )
21  **CROWN, CORK & SEAL, INDIVIDUALLY AND AS**      )
    **SUCCESSOR-IN-INTEREST TO MUNDET CORK;**        )
22  **DURABLA MANUFACTURING COMPANY;**               )
    **ELLIOTT COMPANY FORMERLY KNOWN AS**            )
23  **ELLIOTT TURBOMACHINERY CO., INC.;**            )
    **FMC CORPORATION, INDIVIDUALLY AND AS**         )
24  **SUCCESSOR-IN-INTEREST TO NORTHERN PUMP**       )
    **COMPANY;**                                     )
25  **FOSTER WHEELER, LLC;**                         )
26  **GARDNER DENVER, INC.;**                        )
    **GARLOCK SEALING TECHNOLOGIES LLC,**            )
27  **INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST**    )
28  **TO GARLOCK, INC.;**                            )

1    GENERAL ELECTRIC COMPANY;                                    )
     GEORGIA-PACIFIC CORPORATION;                                 )
2    GOULDS PUMPS, INCORPORATED;                                  )
3    IMO INDUSTRIES, INC. FORMERLY KNOWN AS                       )
     IMO DELAVAL INC.;                                            )
4    INGERSOLL-RAND COMPANY;                                      )
     KAISER GYPSUM COMPANY, INC.;                                 )
5    LESLIE CONTROLS, INC.;                                       )
     LAMONS GASKET COMPANY;                                       )
6    OAKFABCO, INC INDIVIDUALLY AND AS                            )
7    SUCCESSOR-IN-INTEREST TO AND/OR FKA                          )
     AND/OR FDBA KEWANEE BOILER CORPORATION;                      )
8    OWENS-ILLINOIS INC.;                                         )
     PARKER-HANNIFIN CORPORATION,                                 )
9    INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST                    )
10   TO SACOMO SIERRA AND SACOMO                                  )
     MANUFACTURING COMPANY;                                       )
11   PCC FLOW TECHNOLOGIES L.P., INDIVIDUALLY                     )
     AND AS SUCCESSOR-IN-INTEREST TO PACIFIC                      )
12   PUMP;                                                        )
13   PLANT INSULATION COMPANY;                                    )
     RAPID AMERICAN CORP. INDIVIDUALLY AND AS                     )
14   SUCCESSOR IN INTEREST TO PHILIP CAREY                        )
     MANUFACTURING CORP.;                                         )
15   RILEY POWER INC., FORMERLY KNOWN AS RILEY                    )
     STOKER CORPORATION AND DB RILEY, INC.;                       )
16   SEPCO CORPORATION;                                           )
17   SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA                  )
     SOCO-LYNCH CORPORATION, INDIVIDUALLY AND                     )
18   AS SUCCESSOR-IN-INTEREST TO WESTERN                          )
     CHEMICAL & MANUFACTURING COMPANY;                            )
19   SUPERIOR BOILER WORKS, INC.;                                 )
     THE GOODYEAR TIRE & RUBBER COMPANY;                          )
20   UNION CARBIDE CORPORATION;                                   )
21   UNIROYAL, INC.;                                              )
     VIACOM, INC. AS SUCCESSOR-BY-MERGER TO CBS                   )
22   CORPORATION FKA WESTINGHOUSE ELECTRIC                        )
     CORPORATION;                                                 )
23   WARREN PUMPS, LLC;                                           )
24   YARWAY CORPORATION;                                          )
     ZURN INDUSTRIES, LLC. INDIVIDUALLY AND AS                    )
25   SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES,                    )
     INC., ERIE CITY IRON WORKS AND KEYSTONE                      )
26   BOILER  AND THE FIRST DOE THROUGH THREE                      )
     HUNDREDTH DOE, INCLUSIVE,                                    )
27                                                                )
                         DEFENDANTS.                              )
28

## GENERAL ALLEGATIONS

1.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos Corporation Ltd. was owned by any governmental agency. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff, CARSON PRIDDY; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiffs do not allege that Asbestos Corporation Ltd. conspired with any entity during any of the years Asbestos Corporation Ltd. was owned by any governmental agency.

3.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants, **A. W. CHESTERTON COMPANY; ALLIED PACKING & SUPPLY, INC.; ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST; AMERICAN STANDARD, INC. INDIVIDUALLY AND AS SUCCESSOR INTEREST TO**

1  KEWANEE BOILER CORPORATION; ARMSTRONG INTERNATIONAL, INC.;

2  ASBESTOS CORPORATION, LTD.; BUFFALO PUMPS, INC.; CRANE CO.,

3  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.;

4  CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

5  MUNDET CORK; DURABLA MANUFACTURING COMPANY; ELLIOTT COMPANY

6  FORMERLY KNOWN AS ELLIOTT TURBOMACHINERY CO., INC.; FMC

7  CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

8  NORTHERN PUMP COMPANY; FOSTER WHEELER, LLC; GARDNER DENVER,

9  INC.; GARLOCK SEALING TECHNOLOGIES LLC, INDIVIDUALLY AND AS

10 SUCCESSOR-IN-INTEREST TO GARLOCK, INC.; GENERAL ELECTRIC

11 COMPANY; GEORGIA-PACIFIC CORPORATION; GOULDS PUMPS,

12 INCORPORATED; IMO INDUSTRIES, INC. FORMERLY KNOWN AS IMO DELAVAL

13 INC.; INGERSOLL-RAND COMPANY; KAISER GYPSUM COMPANY, INC.;

14 LESLIE CONTROLS, INC.; LAMONS GASKET COMPANY; OAKFABCO, INC

15 INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/OR FKA AND/OR

16 FDBA KEWANEE BOILER CORPORATION; OWENS-ILLINOIS INC.; PARKER-

17 HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST

18 TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;

19 PCC FLOW TECHNOLOGIES L.P., INDIVIDUALLY AND AS SUCCESSOR-IN-

20 INTEREST TO PACIFIC PUMP; PLANT INSULATION COMPANY; RAPID

21 AMERICAN CORP. INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO PHILIP

22 CAREY MANUFACTURING CORP.; RILEY POWER INC., FORMERLY KNOWN AS

23 RILEY STOKER CORPORATION AND DB RILEY, INC.; SEPCO CORPORATION;

24 SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH

1  CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

2  WESTERN CHEMICAL & MANUFACTURING COMPANY;  SUPERIOR BOILER

3  WORKS, INC.;  THE GOODYEAR TIRE & RUBBER COMPANY; UNION CARBIDE

4  CORPORATION;  UNIROYAL, INC.; VIACOM, INC. AS SUCCESSOR-BY-MERGER

5  TO CBS CORPORATION FKA WESTINGHOUSE ELECTRIC CORPORATION;

6  WARREN PUMPS, LLC; YARWAY CORPORATION; ZURN INDUSTRIES, LLC.

7  WARREN PUMPS, LLC; YARWAY CORPORATION; ZURN INDUSTRIES, LLC.

8  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC.,

9  ERIE CITY IRON WORKS AND KEYSTONE BOILER AND THE FIRST DOE

10  THROUGH THREE HUNDREDTH DOE, inclusive, are corporations organized and existing

11  under and by virtue of the laws of the State of California, or the laws of some state or foreign

12  jurisdiction, and that said defendants were and are authorized to do and are doing business in the

13  State of California, and that said defendants have regularly conducted business in the  County of

14  Alameda, State of California.  The defendants identified in this paragraph are collectively

15  hereinafter referred to as "**ASBESTOS DEFENDANTS.**"

16  4.      At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the

17  successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

18  wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

19  studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying,

20  offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

21  marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for

22  others, packaging and/or advertising a certain substance the generic name for which is asbestos,

23  and other products containing said substance.  Said entities shall hereinafter collectively be called

24  "alternate entities".  Each of the herein named **ASBESTOS DEFENDANTS** are liable for the

25  tortuous conduct of each successor, successor in business, successor in product line or a portion

thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion

thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity,

or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated,

designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected,

serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded,

manufactured for others and advertised a certain substance, the generic name of which is asbestos,

and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and

each of them, are liable for the acts of each and every "alternate entity", and each of them, in that

there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity";

**ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or

apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of

them, caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such

**ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such

"alternate entity"; and that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally

attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMERICAN STANDARD, INC. | KEWANEE BOILER CORPORATION |
| CRANE CO. | CHAPMAN VALVE CO. |
| CROWN, CORK & SEAL | MUNDET CORK |
| ELLIOTT COMPANY | ELLIOTT TURBOMACHINERY CO., INC |
| FMC CORPORATION | NORTHERN PUMP COMPANY |
| GARLOCK SEALING TECHNOLOGIES LLC | GARLOCK, INC. |
| IMO INDUSTRIES, INC. | IMO DELAVAL INC. |

| OAKFABCO, INC | KEWANEE BOILER CORPORATION |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| PCC FLOW TECHNOLOGIES L.P. | PACIFIC PUMP |
| RAPID AMERICAN CORP. | PHILIP CAREY MANUFACTURING CORP. |
| RILEY POWER INC. | RILEY STOKER CORPORATION AND DB RILEY, INC. |
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY |
| VIACOM, INC. | CBS CORPORATION FKA WESTINGHOUSE ELECTRIC CORPORATION |
| ZURN INDUSTRIES, LLC. | ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER |

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (Personal Injuries)

PLAINTIFF CARSON PRIDDY COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES:

5.    Plaintiff realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

6.    Plaintiff CARSON PRIDDY alleges occupational exposure to asbestos, at jobsites which include but are not limited to the following: Plaintiff Carson Priddy alleges exposure to asbestos while serving in the United States Navy from 1954 to 1958 while aboard the USS

FORMOE, USS SEIVERLING and USS O'BRIEN; in San Francisco and San Diego California. While in the Navy, Plaintiff alleges exposure to asbestos from his work with and around pumps, valves, gaskets, turbines and other products made, distributed, designed, sold, disturbed, supplied, assembled, installed and/or removed by defendants herein. Plaintiff also alleges exposure while employed at Consumer Cooperative Refinery in Coffeyville, KS from 1958 to 1991 from his work with and around asbestos containing products made, distributed, designed, sold, disturbed, handled, assembled, installed, supplied and/or removed by defendants herein.

7.    At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, inspecting, servicing, repairing, distributing, modifying, handling, installing, contracting to install, removing, contracting to remove, disturbing, cutting, grinding, scraping, marketing, warranting and/or advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

8.  At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured,  designed, developed, distributed, supplied, removed, abated, tore out, drilled, dug out, threw away, discarded, swept up, labeled, advertised, marketed, warranted, inspected, repaired, installed, scraped, cut, ground, distributed, handled, fabricated, assembled, modified, serviced, and/or sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance

was capable of causing and did, in fact, proximately cause personal injuries to users, consumers,

workers and others, while being used in a manner reasonably foreseeable, thereby rendering said

substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed

thereto;

9.       At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them

manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other

products containing said substance. Each ASBESTOS DEFENDANT manufactured, distributed,

sold and/or designed products in such a manner that it required the regular replacement of asbestos

and/or other materials containing asbestos. Moreover, each ASBESTOS DEFENDANT

defectively designed, sold, manufactured and/or distributed products which caused the degradation

of integrated asbestos-containing products, which contributed to Plaintiff's development of

mesothelioma. This being so, even despite the fact that alternative feasible designs were available

that would not cause degradation and release of asbestos fibers from the original and replacements

asbestos materials to the same extent as the design chosen by **ASBESTOS DEFENDANTS**.

10.  It was foreseeable to each ASBESTOS DEFENDANT that the original asbestos and

other materials containing asbestos would be removed and replaced with new asbestos and/or

other materials containing asbestos during ordinary operation and maintenance. Indeed, during the

time period in question, most if not all, replacement materials were comprised of asbestos. The

operation, use and repair of each of the **ASBESTOS DEFENDANTS** products would affect both

the original and replacement asbestos and other products containing asbestos by making them

brittle, friable and not reusable. It was foreseeable to each ASBESTOS DEFENDANT that the

process of removing asbestos materials incorporated into their products and replacing them with

new asbestos materials during ordinary repair and maintenance would disturb asbestos and result

in the release of asbestos fibers into the air, thereby exposing Plaintiff, other workers and

bystanders. EACH ASBESTOS DEFENDANT failed to warn Plaintiff, other workers and bystanders of the risks inherent in the replacement of asbestos containing parts and failed to warn Plaintiff, other workers and bystanders that their product was designed to make asbestos friable.

11.     Plaintiff herein is a worker who for or during a substantial length of time used, handled or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

12.     As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to the Plaintiff, including, but not limited to, mesothelioma and other lung damage.

13.     Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos products over a period of time.

14.     Plaintiff presently believes that he suffers from a medical condition known as mesothelioma, a lung disease related to the exposure to asbestos. Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

15.     As a direct and proximate result of the aforesaid conduct of **ASBESTOS DEFENDANTS**, and each of them, Plaintiff is dying and has suffered, and continues to suffer permanent malignant and non-malignant injuries to his person, body and health, including but not limited to mesothelioma, other lung damage, all to his general damages in a sum invoking the unlimited jurisdiction of the Court.

16.     As a direct and proximate result of the aforesaid conduct of the **ASBESTOS**

1   DEFENDANTS, and each of them, Plaintiff has incurred, is presently incurring and will incur in

2   the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and

3   other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time,

4
    and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof
5
    is ascertained.
6

7        17.    Plaintiff CARSON PRIDDY has lost pre-judgment interest pursuant to Civil Code

8   Section 3288, the exact amount of which Plaintiff prays leave to insert herein when finally

9   ascertained.

10
         18.    In researching, testing, manufacturing, distributing, labeling, and marketing said
11
    products, ASBESTOS DEFENDANTS in this cause of action named, and each of them, did so
12
13  with conscious disregard for the safety of the users of said products, in that ASBESTOS

14  DEFENDANTS had specific prior knowledge that there was a high risk of injury or death

15  resulting from exposure to asbestos or asbestos products, including but not limited to

16  mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data,

17
    and medical data to which ASBESTOS DEFENDANTS had access, as well as scientific studies
18
    performed by, at the request of, or with the assistance of, said ASBESTOS DEFENDANTS, and
19
20  which knowledge was obtained by said ASBESTOS DEFENDANTS on or before 1933, and

21  thereafter.

22       19.    On or before 1933, and thereafter, said ASBESTOS DEFENDANTS were aware

23  that users of asbestos and asbestos products, as well as members of the general public who would

24  be exposed to asbestos and asbestos products, had no knowledge or information indicating that

25
    asbestos could cause injury, and said ASBESTOS DEFENDANTS knew that the users of
26
    asbestos and asbestos products, as well as members of the general public who were exposed to
27
28  asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos

1  and asbestos products was safe, when in fact said exposure was extremely hazardous to human

2  life.

3      20.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and

4  distribute said asbestos and asbestos products without attempting to protect users from or warn

5

6  users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

7   Rather than attempting to protect users and workers from, or warn workers and users of, the high

8  risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS**

9  **DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently,

10  consciously and actively concealed and suppressed said knowledge from members of the general

11  public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the

12

13  knowledge of the falsity of said implied representations.

14      21.    The above referenced conduct of said **ASBESTOS DEFENDANTS** was

15  motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing,

16  uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said

17  financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the

18  users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously

19

20  willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and

21  persons exposed thereto, including Plaintiff.

22      22.    As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is

23  vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and

24  indifference to the safety and health of workers exposed to asbestos and asbestos products,

25  including Plaintiff, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS**

26

27  **DEFENDANTS**, seeks punitive damages according to proof.

28      WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each

1    of them, as hereafter set forth.

2    ## SECOND CAUSE OF ACTION - STRICT LIABILITY

3    AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

4
5    ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE **ASBESTOS**

6    **DEFENDANTS** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

7    23.    Plaintiff realleges and incorporates herein by reference each of the proceeding

8    paragraphs of this Complaint.

9
10    24.    **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested

11    or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed,

12    warranted, distributed, handled, installed, modified, scraped, inspected, repaired, offered for sale

13    and sold a certain substance, the generic name of which is asbestos and other products containing

14    said substance, which substance is defective, in that same was capable of causing and did, in fact,

15    cause personal injuries, including mesothelioma and other lung damage, to the users and

16    consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the

17    same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto;

18    said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the

19    risks to which Plaintiff and others similarly situated were exposed.

20    25.    At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them

21    were aware that the original gaskets and packing supplied with their equipment would need to be

22    removed and replaced with new gaskets and packing during ordinary operation and maintenance of

23    their equipment.  Heat and pressure generated by operation would affect the original and

24    replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making

25    replacement necessary and dangerous.  It was foreseeable that the process of removing old gaskets

26    and packing, and replacing them with the new materials during ordinary maintenance operations

27    would disturb the asbestos materials, releasing asbestos into the air.

28    26.    As a direct and proximate result thereof, Plaintiff has suffered the injuries and

damages as previously set forth including those alleged in the First and Second Causes of Action, inclusive.

## THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF PATRICIA PRIDDY COMPLAINS OF **ASBESTOS DEFENDANTS** AND EACH OF THEM AND ALLEGES AS FOLLOWS:

27.     Plaintiff PATRICIA PRIDDY incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

28.     Plaintiff PATRICIA PRIDDY is now, and at times herein mentioned, the lawfully wedded spouse of CARSON PRIDDY.

29.     As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to CARSON PRIDDY as alleged in his Complaint, Plaintiff PATRICIA PRIDDY has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

30.     Plaintiff PATRICIA PRIDDY, as a result of the foregoing described injuries to her said spouse, has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

WHEREFORE, Plaintiffs CARSON PRIDDY AND PATRICIA PRIDDY prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1.     For Plaintiffs general damages according to proof;

2.     For Plaintiff CARSON PRIDDY'S medical and related expenses according to proof;

3.     For Plaintiffs prejudgment interest according to proof, pursuant to Civil Code section 3288;

4.     For loss of income according to proof;

5.      For Plaintiffs costs of suit herein;

6.      For loss of care, comfort and society;

7.      As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and

8.      For such other and further relief as this Court deems just and proper.

DATED:   July 22, 2008

**LEVIN SIMES KAISER & GORNICK, LLP**

By:     _____

ANNA M. COSTA
Attorney for Plaintiffs
CARSON PRIDDY AND PATRICIA PRIDDY

1

2   **cc: Via Hand Delivery**
Jeffrey A. Kaiser
LEVIN SIMES KAISER & GORNICK
3   44 Montgomery Street, 36th Floor
San Francisco, CA 94104
4   Tel (415) 646-7160
Fax (415) 981-1270
5   ATTORNEYS FOR PLAINTIFFS

6
All Known Defense Counsel (via regular mail)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF TAG-ALONG ACTION