Edward R. Hugo [Bar No. 124839]
James C. Parker [Bar No. 106149]
Thomas J. Moses [Bar No. 116002]
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone:  (415) 808-0300
Facsimile:   (415) 808-0333

Attorneys for Defendant
FOSTER WHEELER LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON & PATRICIA PRIDDY,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMANY., et al.,<br><br>Defendants. | (ASBESTOS)<br>USDC No. C 08-04070 MEJ<br><br>**DEFENDANT FOSTER WHEELER LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS** |

COMES NOW Defendant FOSTER WHEELER LLC (hereinafter "Defendant" or "FOSTER WHEELER") and answers Plaintiffs' First Amended Complaint for Damages (Wrongful Death/Asbestos) (hereinafter the "Complaint") on file herein along with the Removal Application and Order from the Alameda County Superior Court which removal was filed on August 26, 2008 and recorded on August 26, 2008.

**RESERVATION OF RIGHT TO TRIAL BY JURY**

FOSTER WHEELER reserves the right to a trial by jury.

**I. ADMISSIONS AND DENIALS**

Except as noted answering Defendant FOSTER WHEELER answers the allegations in Plaintiffs' complaint as set forth below as to FOSTER WHEELER only and such responses are not intended as a response to the allegations made as they may apply to

1

other Defendants named in this action.

1. Answering Paragraph 1, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the, or any of the, allegations in the paragraph, and basing its denial on that ground, denies each and every, all and singular, generally and specifically, and each and every part thereof.

2. Answering that portion of Paragraph 2, as to FOSTER WHEELER, admits that FOSTER WHEELER is a corporation under the laws of another state and is authorized and has done business in the State of California. As to the remaining allegations Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer and basing its denial on that ground, denies each and every, all and singular, generally and specifically, and each and every part thereof.

3. Answering Paragraphs 3 and 4, Defendant denies each and every, all and singular, generally and specifically, and each and every part thereof.

4. Answering Paragraphs 5-24, Defendant denies each and every, all and singular, generally and specifically, and each and every part thereof.

5. Answering Paragraphs 25-35, Defendant denies each and every, all and singular, generally and specifically, and each and every part thereof.

6. Answering Paragraphs 40- 44 Defendant denies each and every, all and singular, generally and specifically, and each and every part thereof.

## II. DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is without knowledge or information sufficient to form belief as to the truth of the allegations contained in Plaintiffs' complaint and denies each and every all, all and singular, generally and specifically, the allegations of the whole of Plaintiffs' Complaint beginning with the Plaintiffs' General Allegations on page 1, line 26 through

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

page 17, line 24, including Plaintiffs' prayer for compensatory and punitive damages.

## III. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Contravention of Defendant's Constitutional Rights to Due Process of Law

The Complaint and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that plaintiffs have asserted a claim for relief which, if granted, would contravene Defendant's constitutional rights to substantive and procedural due process of law as preserved for Defendant by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

### SECOND AFFIRMATIVE DEFENSE

### Denial of Defendant's Constitutional Rights to Equal Protection of the Laws

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection of the laws as preserved by the Fourteenth Amendment of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

### Unconstitutional Taking of Private Property for Public Use Without Just Compensation

The Complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that plaintiffs have asserted claims for relief which, if granted, would constitute the taking of private property for public use without just compensation in contravention of the Fifth and Fourteenth Amendments to the United States Constitution.

//

### FOURTH AFFIRMATIVE DEFENSE

### Comparative Fault

This answering Defendant alleges that the damages, if any, complained of by Plaintiffs, were proximately caused by the negligence, fault, breach of contract and/or strict liability of Plaintiffs or other Defendants, firms, persons, corporations, unions, employers and entities other than FOSTER WHEELER, and that said negligence, fault, breach of contract and/or strict liability comparatively reduces the percentage of any negligence, fault, breach of contract or strict liability for which FOSTER WHEELER is legally responsible, if any be found, which liability this Defendant expressly denies. Further, this answering Defendant alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused and contributed to by the carelessness and negligence of said Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

### Contributory Negligence

This answering Defendant alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused and contributed to by the carelessness and negligence of said Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

### Uncertainty

This answering Defendant alleges that Plaintiffs' Complaint and all purported causes of action therein are vague, ambiguous and uncertain, and fail to state a cause of action on any theory.

### SEVENTH AFFIRMATIVE DEFENSE

### Laches

This answering Defendant alleges that Plaintiffs unreasonably delayed in bringing this action and that such delay substantially prejudiced Defendant, and that this action is

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

therefore barred by the Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

### Statute of Limitations

This answering Defendant alleges that Plaintiffs' Complaint and the purported causes of action therein are barred by all statutes of limitation, including, but not limited to, the provisions of California Code of Civil Procedure sections 338, 338.1, 339(1), 340, 340(3) and 340.2, 343, 352, 366.1, 366.2 and California Commercial Code section 2725. Plaintiffs' claims are further barred by the statute of limitations of states other than California pursuant to California Code of Civil Procedure section 361.

### NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

This answering Defendant alleges that Plaintiffs failed to mitigate damages which Plaintiffs contend they suffered, and Plaintiffs are therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

### TENTH AFFIRMATIVE DEFENSE

### Estoppel

This answering Defendant alleges that as a result of the acts, conduct and/or omissions of Plaintiffs and their agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### Waiver

This answering Defendant alleges that Plaintiffs, by their acts, conduct and omissions, have waived the claims alleged in their Complaint and in each purported cause of action alleged therein.

### TWELFTH AFFIRMATIVE DEFENSE

### Acquiescence

Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts

5

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

or omissions, if any, of this answering Defendant, thus barring Plaintiffs from any relief as prayed for herein.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Notice of Dangers

Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, storage and in place asbestos of the products, substances, equipment and at premises in which exposure is claimed as is described in the Complaint and are therefore barred from any relief prayed for.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Compliance with Statutes

This answering Defendant alleges that all of its conduct and activities as alleged in the Plaintiffs' Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Compliance with Specifications

This answering Defendant alleges that the asbestos products or asbestos used or in place at any premises, if any, for which FOSTER WHEELER had any legal responsibility, were manufactured, packaged, distributed or sold in accordance with contract specifications imposed by its co-Defendants, by the U.S. Government, by the State of California, by CARSON PRIDDY'S employers, or by third parties yet to be identified.

### SIXTEENTH AFFIRMATIVE DEFENSE
### No Conspiracy

This answering Defendant alleges that FOSTER WHEELER has no liability for the acts, omissions or otherwise of any other Defendant or entity because FOSTER WHEELER did not become legally responsible for the acts of any such Defendant, nor entity, by any communication, alleged, implied, or actual, nor act, action, or activity, and never was, nor is, a conspirator nor co-conspirator with any other Defendant or entity.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### State-of-the-Art

This answering Defendant alleges that all of its activities, products, materials and its premises at issue here at all times were conducted, used, produced, marketed, and operated in conformity with the existing scientific, medical industrial hygiene and consumer knowledge, art and practice and state-of-the-art.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### No Foreseeable Risk to Plaintiff

The state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed Plaintiffs, nor knew, nor could have known, that its activities, materials, products, activities or premises presented a foreseeable risk of harm to CARSON PRIDDY in the normal and expected course of such activities and use of such materials and products.

### NINETEENTH AFFIRMATIVE DEFENSE

#### No Right to Control

This answering Defendant alleges that any loss, injury, or damage incurred by Plaintiffs was proximately and legally caused by the negligent or willful acts or omissions of parties which FOSTER WHEELER neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of FOSTER WHEELER.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Statutes of Limitations

This answering Defendant alleges the causes of action, if any, attempted to be stated and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure of the State of California and/or other statutes of the State of California, including without limitation Code of Civil Procedure section 338(d).

//

### TWENTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

### Misuse and Improper Use of Products

This answering Defendant alleges that if CARSON PRIDDY allegedly suffered injuries attributable to the disturbance or use of any product for which FOSTER WHEELER had any legal responsibility, which allegations are expressly herein denied, the injuries were solely caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use and abuse which was made of said product by persons or entities other than FOSTER WHEELER.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Due Care and Diligence

This answering Defendant alleges that FOSTER WHEELER exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by FOSTER WHEELER was the proximate cause of any damage, injury or loss to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Alteration and Misuse of Product

This answering Defendant alleges that an insubstantial amount, if any at all, of the products containing asbestos distributed, used, supplied by Defendant or used or in place at any premises owned or controlled by Defendant, were not disturbed or used in the presence of CARSON PRIDDY and not supplied to CARSON PRIDDY, and if so, were substantially altered by others and/or used in a manner inconsistent with the labeled directions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Equal or Greater Knowledge of Hazards

This answering Defendant alleges that any and all products containing asbestos used, distributed or supplied by Defendant were distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which knowledge is equal to or greater than the knowledge of FOSTER WHEELER.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

### Other Parties' Liability and Negligence

This answering Defendant alleges that if there was any negligence or any other form of liability on the part of any of the parties named herein, it was the sole and exclusive negligence and liability of the other persons or entities and not of FOSTER WHEELER.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Apportionment and Offset

This answering Defendant is informed and believes and thereon alleges that Plaintiffs' acts and omissions, including Plaintiffs' agents, servants, and employees acting within the course and scope of their employment, and others, contributed to the alleged damages, injury, or loss, if any, sustained by CARSON PRIDDY, Defendant requests that the Court apply the principles of apportionment and offset so as to permit the Court or jury to apportion liability according to fault and to grant Defendant a corresponding offset against any damages awarded to Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Contribution/Equitable Indemnity

This answering Defendant alleges, in the event it is held liable to Plaintiffs, any such liability is expressly herein denied, and any other co-Defendants are likewise held liable, FOSTER WHEELER is entitled to a percentage contribution of the total liability from said co-Defendants in accordance with the principles of equitable indemnity and comparative contribution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Assumption of Risk by Plaintiff's Employer(s)

This answering Defendant alleges that the Complaint and each cause of action alleged therein are barred on the grounds that CARSON PRIDDY'S employer or employers knowingly entered into and engaged in the operations, acts and conduct alleged in the Complaint, and voluntarily and knowingly assumed all of the risks incident to said operations, acts and conduct at the time and place mentioned in the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

9

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### Assumption of Risk

This answering Defendant alleges CARSON PRIDDY assumed the risk of the matters referred to in his Complaint and that CARSON PRIDDY knew and appreciated the nature of the risk and that the CARSON PRIDDY voluntarily accepted this risk.

### THIRTIETH AFFIRMATIVE DEFENSE

### No Market Share

This answering Defendant alleges that FOSTER WHEELER did not have an appreciable share of the market for the asbestos-containing products which allegedly caused CARSON PRIDDY'S injuries, which occurrence FOSTER WHEELER expressly denies. Accordingly, FOSTER WHEELER may not be held liable to Plaintiffs based on its alleged share of the applicable product market.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### Plaintiffs Fail to Join a Substantial Market Share

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering Defendant, in that Defendant has failed to join a substantial market share of the producers or products to which CARSON PRIDDY was allegedly exposed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### Insufficient Facts to Show Substantial Market Share of this Defendant

To the extent the Complaint asserts Defendant's alleged "alternative," "market share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a cause of action against this Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### Independent, Intervening or Superseding Cause

This answering Defendant alleges that if CARSON PRIDDY suffered any injuries attributable to the use of any product containing asbestos which was used, distributed or

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

10

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

sold by Defendant, which allegations are expressly denied herein, the injuries were solely caused by an unforeseeable, independent intervening and/or superseding event beyond the control and unrelated to any conduct of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### Not a Substantial Factor

This answering Defendant alleges that the Complaint and each cause of action therein presented are barred on the grounds that the products, conduct, materials or premises of Defendant as referred to in Plaintiffs' Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by CARSON PRIDDY and did not increase the risk that plaintiff would suffer the injuries and damages complained of.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### Insufficient Exposure

Any exposure of CARSON PRIDDY to Defendant's activities, products or exposure to asbestos or asbestos-containing products at FOSTER WHEELER'S premises was so minimal as to be insufficient to establish by a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiffs and Plaintiffs' plaintiff.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### No Successor Liability

This answering Defendant alleges that FOSTER WHEELER has no liability for the acts, omissions or otherwise of any other Defendant or any other entity because FOSTER WHEELER did not become legally responsible for the acts of any such Defendant or entity given the facts and circumstances of the pertinent transactions and never was, nor is, a successor-in-interest, a successor-in-liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

11

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Lack of Privity

This answering Defendant alleges that Plaintiffs have failed to state a cause of action in that the Complaint fails to allege that there was privity between Defendant on the one hand, and Plaintiffs on the other, and furthermore, such privity did not exist between Defendant on the one hand, and Plaintiffs on the other.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Secondary Assumption of Risk

This answering Defendant alleges that any and all products containing asbestos used, distributed or supplied by Defendant were used, distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of FOSTER WHEELER'S liability should be reduced in proportion to the knowledge of Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### Civil Code Section 1431.2

This answering Defendant alleges that the provisions of California Civil Code section 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiffs' Complaint and to each cause of action therein.

### FORTIETH AFFIRMATIVE DEFENSE

### Workers' Compensation Exclusive Remedy

This answering Defendant alleges that the Complaint is barred by the exclusivity provisions of the California Workers' Compensation laws, including, but not limited to, California Labor Code sections 3600, *et seq.*

### FORTY-FIRST AFFIRMATIVE DEFENSE

### Offset for Workers' Compensation Benefits

This answering Defendant alleges that to the extent Plaintiffs herein recovered, or in the future may recover, any monies in connection with any claim for workers'

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

12

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

1  compensation benefits, any amounts recovered in this action are subject to a claim by
2  Defendant for a credit or offset.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### Express Contractual Indemnity

This answering Defendant alleges that if Plaintiffs claim exposure to asbestos or asbestos-containing products at a FOSTER WHEELER premises, FOSTER WHEELER contracted with CARSON PRIDDY and/or his employer(s) for them to fully assume all responsibility for insuring CARSON PRIDDY'S safety, to guarantee that no hazardous condition existed, and/or to warn and protect against any such conditions, during the performance of his work, and, further, to fully indemnify FOSTER WHEELER, and to hold FOSTER WHEELER harmless, for all responsibility and liability arising out of said work, and/or any injuries allegedly incurred by CARSON PRIDDY as a result of any of said work. FOSTER WHEELER reserves all rights to assert these provisions of contractual indemnity.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### Consent

This answering Defendant alleges that at all time mentioned CARSON PRIDDY consented to the alleged acts or omissions of FOSTER WHEELER.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### Unusual Susceptibility

This answering Defendant alleges that each of Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by CARSON PRIDDY'S unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitivity reactions for which FOSTER WHEELER is not liable.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### Good Faith

This answering Defendant alleges that Plaintiffs' claim for punitive damages is barred because FOSTER WHEELER at all times and places mentioned in the Complaint

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

13

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

acted reasonably and in good faith, and without malice or oppression towards the Plaintiffs and Plaintiffs' plaintiff.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### Sophisticated User

This answering Defendant alleges that, as the California Supreme Court ruled in *Johnson v. American Standard* (2008) 43 Cal.4th 56, FOSTER WHEELER was under no legal duty to warn plaintiff of the hazard associated with the use of products containing asbestos or their existence at any premises owned, operated, controlled or otherwise by FOSTER WHEELER, as purchasers of said products, the plaintiff, plaintiff's employers, his unions, and/or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn plaintiff of the risk associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of plaintiff's damages, if any.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### Work Hazard Precautions

This answering Defendant alleges that CARSON PRIDDY'S employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### Failure to Join Indispensable Parties

Plaintiffs herein have failed to join indispensable parties (California Code of Civil Procedure section 389) and the Complaint is thereby defective, and Plaintiffs are thereby precluded from any recovery whatsoever as prayed for herein.

//

14

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

### FORTY-NINTH AFFIRMATIVE DEFENSE

### Plaintiff is not a Real Party in Interest

Plaintiffs, and each of them, herein lack legal capacity to sue and are not a real party in interest and are thereby precluded from any recovery whatsoever as prayed for herein.

### FIFTIETH AFFIRMATIVE DEFENSE

### Fraud and Conspiracy are Not Separate Forms of Damages

Fraud and conspiracy do not constitute a separate and distinct form of damages from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages does not sufficiently support or constitute a separate claim for damages against this answering Defendant, but is simply cumulative and included in general damages.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

### Failure to Allege with Particularity

This answering Defendant alleges that Plaintiffs' Complaint fails to set out their claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims becomes known.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

### Negligent Hiring Claim Invalid

An employee of an independent contractor may not pursue a claim for negligent hiring against a hirer of the independent contractor. See *Camargo v. Tjaarda Dairy*, 25 Cal. 4th 1235 (2001).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

### Right to Amend

This Defendant will assert any and all additional defenses that arise during the course of this litigation and reserves the right to amend its answer to assert such defenses.

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

### Alternate Unknown Cause

The alleged injuries and damages, if any, may be in whole or in part due to injury, disease or cause other than as alleged.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

### No Concert of Action

There is no concert of action between Defendant and any of the other named Defendants. Defendants are not joint tortfeasors and accordingly, Defendant may not be held jointly and severally liable with the other named Defendants.

### PRAYER

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint or any claims stated therein;

2. That Plaintiffs' Complaint and each cause of action contained therein be dismissed with prejudice against FOSTER WHEELER;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and appropriate in the circumstances.

Dated: September 2, 2008                    BRYDON, HUGO & PARKER


By: /s/   Thomas J. Moses
    Thomas J. Moses
    Attorneys for Defendant
    FOSTER WHEELER LLC

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

16

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

# CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

USDC No. C 08-04070 MEJ

Priddy v AW Chesterton, et al.

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

FOSTER WHEELER LLC ANSWER TO COMPLAINT (USDC)

on the following:

| | |
|---|---|
| LEVIN SIMES KAISER & GORNICK LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Fax: (415) 981-1270 | All parties via the Central District<br>Court CM/ECF service list |

*Counsel for Plaintiffs*

☒ by transmitting electronically the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury that the above is true and correct. Executed on September 2, 2008, at San Francisco, California.

Sharon A. Murphy

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

PROOF OF SERVICE